Scott, J.
I understand the cases in this Court, and the Court of appeals, on the subject of new trials, to have settled the following principles:
That new trials are grantable at the instance of the accused, in all criminal cases.
That motions for new trials are governed by the same rules in criminal as in civil cases.
That a new trial will be granted:
1. Where the verdict is against law. This occurs when the issue involves both fact and law, and the verdict is against the law of the case on the facts proved.
2. Where the verdict is contrary to the evidence. This occurs, when the issue involves matter of fact only; and the facts proved require a different verdict from that found by the jury.
3. Where the verdict is without evidence to support it. This occurs when there has been no proof whatever of a material fact, or not sufficient evidence of the fact or facts in issue.
Where some evidence has been given which tends to prove the fact in issue, or the evidence consists of cir *724 cumstances and presumptions, a new trial will not be - , granted merely because the Court, if upon the jury, would have given a different verdict. To warrant a new trial in such cases, the evidence should be plainly insufficient to warrant the finding of the jury: And this restriction applies a fortiori, to an appellate Court.
In all these cases the judgment granting or refusing a new trial, may be the subject of a writ of error or supersedeas, and is reversible.
4. Where the evidence is contradictory, and the verdict is against the weight of evidence, a new trial may be granted by the Court which presides at the trial; but its decision is not the subject of a writ of error or supersedeas, or examinable by an appellate Court. Nor, can the inferior Court be required to state in a bill of exceptions, either the evidence or the facts proved by the witnesses, respectively. It is enough to state that the evidence was contradictory.
In the case at bar, my opinion is, that there is no evidence which connects the accused with the homicide of which he has been convicted; that, at most, it amounts only to a suspicion that he had some hand in it; and that the evidence is plainly insufficient to Avarrant the verdict.
The verdict, moreover, is in some material respects, against the proofs, or inconsistent with them.
Smith and Leigh, J’s, concurred entirely in the opinion of Scott, J.